UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ATAX NEW YORK, INC.. ATAX FRANCHISE,
INC. ,ATAX CLOUD BOOKKEEPING, INC.,

                        Plaintiffs,

-against-

JOEL CANELA #1, ALCIDES MENDOZA alias JOEL
CANELA a/k/a JOEL CANELA #2, STERLING MATEO,
INGRID LAMARCHE, WALBER LUGO, ARCADIO
CONSULTING , INC. F1 CONSULTING SERVICES ,
INC. and JOEL CANELA #2 a/k/a ALCIDES MENDOZA
d/b/a F1 CONSULTING SERVICES,

                        Defendants
---------------------------------------------------------------------X

CIVIL ACTION
DOCKET NO.

COMPLAINT FOR
DAMAGES

PLAINTIFF DEMANDS
TRIAL BY JURY

Plaintiffs, by their attorneys, RAYMOND SCHWARTZBERG & ASSOCIATES, PLLC, as and for their Complaint, allege upon information , as follows:

## PARTIES

1. The Plaintiff, ATAX NEW YORK, INC., was.,on January 21, 2019, a domestic corporation duly organized and existing pursuant to the laws of the State of New York, with its principal place of business located 5536 Broadway , Bronx, New York 10463.

2. The Plaintiff, ATAX FRANCHISE,INC., was, on January 21, 2019, a domestic corporation duly organized and existing pursuant to the laws of the State of New York, with its principal place of business located 5536 Broadway , Bronx, New York 10463.

3. The Plaintiff, ATAX CLOUD BOOKKEEPING, INC.,was, on January 21, 2019, a domestic corporation duly organized and existing pursuant to the laws of the

State of New York, with its principal place of business located 5536 Broadway, Bronx, New York 10463

4. The Defendant, JOELCANELA #1, was, on January 21, 2019, an individual residing, upon information and belief, at 1149 Simpson Street, APT.#1, Bronx, New York 10463

5. The Defendant, JOEL CANELA #2, was, on January 21,2019, an individual, doing business in multiple individual, company, and corporate names, upon information and belief, at 73 Market Street, Room 376, Yonkers, New York 10710.

6. The Defendant, JOEL CANDELA#2, was, on January 21, 2019, an individual, upon information and belief, with a place of business at 73 Market Street, Room 376, Yonkers, New York 10710.

7. The Defendant, ALCIDES MENDOZA, Alias JOEL CANELA a/k/a JOEL CANELA #2 ,was, on January 21,2019, an individual residing, upon information and belief, at 1149 Simpson Street, at a rental apartment thereat, Bronx, New York 10459.

8. The Defendant, ALCIDES MENDOZA, Alias JOEL CANELA a/k/a JOEL CANELA #2, was, on January 21, 2019, an individual residing, upon information and belief, at 1149 Simpson Street, at a rental apartment thereat, Bronx, New York 10459.

9. The Defendant, ALCIDES MENDOZA, Alias JOEL CANELA a/k/a JOEL CANELA #2, was, on January 2019, an individual now doing business and now known, as further alias, as JOSE CASTRO.

10. The Defendant, ALCIDES MENDOZA, Alias JOEL CANELA a/k/a JOEL CANELA #2, was, on January 21, 2019, an individual, upon information and belief, with a place of business at 73 Market Street, Room 376, Yonkers, New York 10710, d/b;/a F1 CONSULTING a/k/a F1 CONSULTING SERVICES.

11. The Defendant, ALCIDES MENDOZA, Alias JOEL CANELA a/k/a JOEL CANELA #2, was, on January 21, 2019, an individual, upon information and belief, with a place of business at 5030 Broadway. Room 815, New York, New York 10034.

12. The Defendant, STERLING MATEO, was, on January 21, 2019, an individual residing, upon information and belief, at 354 Seaman Avenue, #B1, New York, New York 10034

13. The Defendant, STERLING MATEO, was, on January 21, 2019, an individual, upon information and belief, with a place of business at 5030 Broadway, Room 815, New York, New York 10034.

14. The Defendant, INGRID LAMARCHE, was, on January 21, 2019, an individual residing, upon information and belief, at 1963 Andrews Avenue, 1st Floor, Bronx, New York 10453.

15. The Defendant, INGRID LAMARCHE, was, on January 21, 2019, an individual, upon information and belief, with a place of business at 5030 Broadway, Room 815, New York, New York 10034.

16. The Defendant, WALBER LUGO, was, on January 21, 2019, an individual residing, upon information and belief, at 90 Caryl Avenue, #25, Yonkers, New York 10705.

17. The Defendant, ARCADIO CONSULTING, INC., was, on January 21, 2019, a domestic corporation organized and existing pursuant to the laws of the State of New York.

18. The Defendant, ARCADIO CONSULTING, INC., was, on January 21, 2019, a foreign corporation authorized to do business in the State of New York.

19. The Defendant, ARCADIO CONSULTING, INC., was , on January 21, 2019, a foreign corporation not authorized to do business in the State of New York.

20. The Defendant, ARCADIO CONSULTING, INC., was, on January 21, 2019, a corporation with a principal place of at 73 Seaman Avenue, #E, New York, New York 10034.

21. The Defendant, ARCADIO CONSULTING, INC., was, on January 21, 2019, a corporation with a principal place of business at 5030 Broadway, Room 815, New York, New York 10034.

22. The Defendant, F1 CONSULTING SERVICES, INC., was, on January 21, 2019, a domestic corporation organized and existing pursuant to the laws of the State of New York.

23. The Defendant, F1 CONSULTING SERVICES, INC., was, on January 21, 2019, a domestic corporation authorized to do business within the State of New York.

24. The Defendant, FI CONSULTING SERVICES, INC., was, on January 21, 2019, a foreign corporation not authorized to do business within the State of New York.

25. The Defendant, FI CONSULTING SERVICES, INC., was, on January 21, 2019, a corporation with a principal place of business at 1149 Simpson Street, at a rented apartment thereat, Bronx, New York 10459.

26. The Defendant, FI CONSULTING SERVICES, INC. , was, on January 21, 2019, a corporation with a principal place of business at 5030 Broadway, Room 815, New York, New York 10034.

27. The Defendant F1 CONSULTING SERVICES, INC., was, on January 21, 2019, a corporation with a principal place of business at 73 Market Street, Room 376, Yonkers, New York 10710.

28. The Defendant, JOEL CANELA #2 a/k/a ALCIDES MENDOZA d/b/A F1 CONSULTING SERVICES, was, on January 21, 2019, an individual residing , upon information and belief, at 1149 Simpson Street , at a rented apartment thereat, Bronx, New York 10459.

29. The Defendant, JOEL CANELA #2 a/k/a ALCIDES MENDOZA d/b/A F1 CONSULTING SERVICES, was, on January 21, 2019, an individual residing, at various times, upon information and belief, at 5 Metropolitan Avenue, Apartment #5B, Bronx, New York 10462.

30. The Defendant, JOEL CANELA #2 a/k/a ALCIDES MENDOZA d/b/A F1 CONSULTING SERVICES, was, on January 21, 2019, an individual, also doing business under the further alias name of JOSE CASTRO, upon information and belief, at 73 Market Street, Room 376, Yonkers, New York 10710.

31. The Defendant, JOEL CANELA #2 a/k/a ALCIDES MENDOZA d/b/A F1 CONSULTING SERVICES, was, on January 21, 2019, an individual, upon information and belief, with a place of business at 73 Market Street , Room 376, Yonkers. New York 10710.

32. The Defendant, JOEL CANELA#2 a/k/a ALCIDES MENDOZA d/b/A F1 CONSULTING SERVICES, was, on January 21, 2019, an individual with a place of business at 5030 Broadway, Room 815, New York, New York 10034.

33. The Defendant, JOEL CANELA#2 a/k/a ALCIDES MENDOZA did business as F1 CONSULTUING SERVICES.

34. The Plaintiffs, ATAX NEW YORK, INC.. ATAX FRANCHISE, INC. ,ATAX CLOUD BOOKKEEPING, INC, did engage in the business of preparing tax returns.

35. At the time of some of the events alleged herein, the Defendant, ALCIDES MENDOZA, alias JOEL CANELA, a/k/a JOEL CANELA#2, was an employee of the Plaintiff, ATAX NEW YORK, INC

36. At the time of some of the events alleged herein, the Defendant, ALCIDES MENDOZA, alias JOEL CANELA, a/k/a JOEL CANELA#2, was an employee of the Plaintiff, ATAX FRANCHISE, INC.

37. At the time of some of the events alleged herein, the Defendant, ALCIDES MENDOZA, alias JOEL CANELA, a/k/a JOEL CANELA#2, was an employee of the Plaintiff, ATAX CLOUD BOOKKEEPING, INC,

38. At the time of some of the events alleged herein, the Defendant, STERLING MATEO, was an employee of the Plaintiff, ATAX NEW YORK, INC.

39. At the time of some of the events alleged herein, the Defendant, STERLING MATEO, was an employee of the Plaintiff, ATAX NEW YORK, INC.

40. At the time of some of the events alleged herein, the Defendant, STERLING MATEO, was an employee of the Plaintiff, ATAX CLOUD BOOKKEEPING, INC.

41. At the time of some of the events alleged herein, the Defendant, INGRID LAMARCHE, was an employee of the Plaintiff, ATAX NEW YORK, INC.

42. At the time of some of the events alleged herein, the Defendant, INGRID LAMARCHE, was an employee of the Plaintiff, ATAX FRANCHISE, INC

43. At the time of some of the events alleged herein, the Defendant, INGRID LAMARCHE, was an employee of the Plaintiff, ATAX CLOUD BOOKKEEPING, INC.

44. At the time of some of the events alleged herein, the Defendant, WALBER LUGO, was an employee of the Plaintiff, ATAX NEW YORK, INC.

45. At the time of some of the events alleged herein, the Defendant, WALBER LUGO, was an employee of the Plaintiff, ATAX FRANCHISE, INC

46. At the time of some of the events alleged herein, the Defendant, WALBER LUGO, was an employee of the Plaintiff, ATAX CLOUD BOOKKEEPING, INC.

47. At the time of some of the events alleged herein, the Defendant, ALCIDES MENDOZA alias JOEL CANELA a/k/a JOEL CANELA #2, was employed by the Plaintiffs in the capacity of tax preparer-bookkeeper-accountant and provider of sundry financial services.

48. At the time of some of the events alleged herein, the Defendant, STERLING MATEO was employed by the Plantiffs

JURISDICTION AND VENUE

49. On January 21, 2019, Plaintiffs.ATAX NEW YORK, INC.. ATAX FRANCHISE, INC. ,ATAX CLOUD BOOKKEEPING, INC., commenced an action in the Supreme Court of the State of New York in and for Bronx County, against the Defendants JOEL CANELA #1, ALCIDES MENDOZA alias JOEL CANELA a/k/a JOEL CANELA #2, STERLING MATEO, INGRID LAMARCHE, WALBER LUGO, ARCADIO CONSULTING , INC. F1 CONSULTING SERVICES ,INC. and JOEL CANELA #2 a/k/a ALCIDES MENDOZA d/b/a F1 CONSULTING SERVICES which was assigned Index # 20827/2019E.

50. Plaintiffs e-filed a Complaint on April 1, 2019 in the Office of the Clerk,, Bronx County.

51. On April 23, 2019, Plaintiffs moved by notice of motion returnable May 24,2019 for leave to enter a default judgment against the Defendants ALCIDES MENDOZA alias JOEL CANELA a/k/a JOEL CANELA #2, F1 CONSULTING SERVICES , INC. and JOEL CANELA #2 a/k/a ALCIDES MENDOZA d/b/a F1 CONSULTING SERVICES.

52. In an Order dated June 12, 2019, Supreme Court, Bronx County granted the aforementioned motion, and directed that the within matter be set down for an inquest at the time of trial against the above mentioned defendants.

53. As of this date, the Defendants ALCIDES MENDOZA alias JOEL CANELA a/k/a JOEL CANELA #2, F1 CONSULTING SERVICES ,INC. and JOEL CANELA #2 a/k/a ALCIDES MENDOZA d/b/a F1 CONSULTING SERVICES have failed to move to vacate the aforementioned Order of Supreme Court, Bronx County.

54.. The Defendants, STERLING MATEO, INGRID LAMARCHE, WALBER LUGO, and ARCADIO CONSULTING INC, served their Answer on May 1, 2019.

55. The Defendants, STERLING MATEO, INGRID LAMARCHE, WALBER LUGO, and ARCADIO CONSULTING INC., moved to strike Plaintiffs' Complaint by notice of motion returnable February 12, 2020.

56. The Defendants, STERLING MATEO, INGRID LAMARCHE, WALBER LUGO, and ARCADIO CONSULTING INC, in their Reply Affirmation dated March 11, 2020, referred to Paragraph 8 of the "Employment Appointment Agreement" that Plaintiffs alleged had been violated by the Defendants, and which contained the following forum selection clause ,which required that the action herein be commenced and prosecuted in this Court:

> "Applicable Law: Forum. This Agreement shall be governed by and construed in accordance with the laws of the State of _____ exclusive of its conflict of law provisions. The parties further agree that any legal action or proceeding seeking the interpretation of this Agreement or any provision thereof or seeking the resolution of any disputes or controversies arising from or relating to this Agreement , shall be instituted exclusively in the United States District Court of that designated area or office geographic location. For the purposes of this Agreement, Associate acknowledges and submits to the personal and subject matter jurisdiction of the United States District Court of the designated area of geographic location."

57. In an Order dated May 11, 2021, Supreme Court , Bronx County dismissed the Complaint against the Defendants STERLING MATEO, INGRID LAMARCHE, WALBER LUGO, and ARCADIO CONSULTING INC. "with leave to renew in Federal Court", based upon the foregoing forum selection clause and stated that the forum selection clause dictated that this Court was the only proper jurisdiction for the within matter.

58. On March 5, 2021, the United States of America filed a civil complaint in the United States District Court in and for the Southern District of New York bearing Docket Number 21 Civ. 1930 ( JSR) against the non-party herein ,RAFAEL ALVAREZ, and ATAX NEW YORK, LLC,d/b/a ATAX NEW YORK-MARBLE HILL, d/b/a ATAX CORPORATION, as defendants therein with respect to tax returns prepared by RAFAEL ALVAREZ, and ATAX NEW YORK, LLC,d/b/a ATAX NEW YORK-MARBLE HILL, d/b/a ATAX CORPORATION, from 2016 and 2019 which alleged that the aforementioned defendants substantially understated the customers' tax liabilities. On June 4, 2021, a Stipulation and Order of Permanent Injunction, Settlement , and Dismissal was entered in the aforementioned Court that permanently enjoined the defendants, directly or indirectly, and barred the Defendants in the aforementioned Federal Court proceeding from any and all participation, thereafter, in a tax preparation business and, directed the Defendants to pay to the United States Government a monetary settlement , which injunction and settlement have no relevance or bearing on the right of Plaintiffs to seek the redress of damages herein sought for the wrongful acts of the Defendants as set forth in the aforesaid previously commenced action as re-commenced as stated in detail herein.

## FACTS

59. At the time of some of the events alleged herein, the Defendant, ALCIDES MENDOZA alias JOEL CANELA a/k/a JOEL CANELA #2, was employed by the Plaintiffs in the capacity of tax preparer-bookkeeper-accountant and provider of sundry financial services.

60. At the time of some of the events alleged herein, the Defendant, STERLING MATEO was employed by the Plaintiffs in the capacity of computer/information technology services.

61. At the time of some of the events alleged herein, the Defendant, INGRID LAMARCHE, was employed by the Plaintiffs in the capacity of senior tax preparer.

62. At the time of some of the events alleged herein, the Defendant, WALBER LUGO, was employed by the Plaintiffs in the capacity of general financial and technical services of various kinds.

63. Prior to commencing and during his employment with the Plaintiffs, the Defendant, ALCIDES MENDOZA, alias JOEL CANELA, a/k/a JOEL CANELA #2, signed a non-compete agreement with the Plaintiff.

64. Pursuant to Article I of the aforementioned non-compete agreement, the Defendant, ALCIDES MENDOZA, alias JOEL CANELA, a/k/a JOEL CANELA #2, acknowledged that "customer lists" were confidential information and therefore constituted trade secrets of the Plaintiffs.

65. Pursuant to Article I of the aforementioned non-compete agreement, the Defendant, ALCIDES MENDOZA, alias JOEL CANELA, a/k/a JOEL CANELA #2, agreed not to use confidential information and therefore constituted trade secrets of the Plaintiffs.

66. Pursuant to Article I of the aforementioned non-compete agreement, the Defendant, ALCIDES MENDOZA, alias JOEL CANELA, a/k/a JOEL CANELA #2, agreed to not use confidential information for the benefit of any other person or entity other than the Plaintiffs, during the term of his employment with the Plaintiffs and thereafter.

67. Pursuant to Article I of the aforementioned non-compete agreement, the Defendant, ALCIDES MENDOZA, alias JOEL CANELA, a/k/a JOEL CANELA #2, agreed that confidential information shall remain the exclusive property of the Plaintiffs and not be removed from the premises of the Plaintiffs or utilized without prior written consent.

68. Pursuant to Article I of the aforementioned non-compete agreement, the Defendant, ALCIDES MENDOZA, alias JOEL CANELA, a/k/a JOEL CANELA #2, agreed to not disclose confidential information and that use or disclosure of same may be cause for an action at law.

69. Pursuant to Article III of the aforementioned non-compete agreement, the Defendant, ALCIDES MENDOZA, alias JOEL CANELA, a/k/a JOEL CANELA #2, agreed to not divulge confidential information learned during employment, after the termination of his employment and when engaging in activities competitive with the Plaintiffs.

70 Prior to commencing and during his employment with the Plaintiffs, the Defendant, STERLING MATEO , signed a non-compete agreement with the Plaintiffs.

71. Pursuant to Article I of the aforementioned non-compete agreement, the Defendant, STERLING MATEO, acknowledged that "customer lists" were confidential information and therefore constituted trade secrets of the Plaintiffs.

72. Pursuant to Article I of the aforementioned non-compete agreement, the Defendant, STERLING MATEO, agreed to not use confidential information for the benefit of any other person or entity other than the Plaintiffs, during the term of his employment with the Plaintifs and thereafter.

73. Pursuant to Article I of the aforementioned non-compete agreement, the Defendant, STERLING MATEO, agreed that confidential information shall remain the exclusive