UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------X
                                              :
ATAX NEW YORK, INC. et al.,                   :
                                              :
                          Plaintiffs,         :
                                              :            21 Civ. 5916 (JPC)
           -v-                                :
                                              :            OPINION AND ORDER
JOEL CANELA #1 et al.,                        :
                                              :
                          Defendants.         :
                                              :
------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiffs ATAX New York, Inc., ATAX Franchise Inc., and ATAX Cloud Bookkeeping, Inc. bring this action against Defendants Joel Canela #1, Alcides Mendoza alias Joel Canela a/k/a Joel Canela #2, Sterling Mateo, Ingrid LaMarche, Walber Lugo, Arcadio Consulting, Inc., F1 Consulting Services, Inc., and Joel Canela #2 a/k/a Alcides Mendoza d/b/a F1 Consulting Services, alleging breach of contract and violations of New York state and federal racketeering laws. The Complaint also seeks a judicial determination that an order issued in New York Supreme Court, Bronx County, as to Defendants Alcides Mendoza alias Joel Canela a/k/a Joel Canela #2, F1 Consulting Services, Inc., and Joel Canela #2 a/k/a Alcides Mendoza d/b/a F1 Consulting Services be given full faith and credit pursuant to Article IV, Section I of the United States Constitution.

Defendants Mateo, LaMarche, Lugo, and Arcadio Consulting, Inc. (the "Moving Defendants") move to dismiss the breach of contract and racketeering claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth herein, the Court grants in part and denies in part the Moving Defendants' motion.

## I.        Background

### A. Facts

The following facts, which are assumed true for purposes of this Opinion and Order, are taken from the Complaint.  Dkt. 12 ("Compl."); *see also Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (on a motion to dismiss pursuant to Rule 12(b)(6), the court must "assum[e] all facts alleged within the four corners of the complaint to be true, and draw[] all reasonable inferences in plaintiffs' favor").

Plaintiffs are three New York corporations that were engaged in the business of preparing tax returns.  Compl. ¶¶ 1-3, 34.  Mateo, LaMarche, and Lugo worked as Plaintiffs' employees during the relevant time period: Mateo was employed in computer/information technology services, LaMarche was a senior tax preparer, and Lugo was employed in general financial and technical services.  *Id.* ¶¶ 38-46, 48, 60-62.  As relevant here, the Complaint alleges that "[p]rior to commencing and during [their] employment with the Plaintiffs," Mateo, LaMarche, and Lugo each "signed a non-compete agreement with the Plaintiffs" (the "Non-Competition Agreement"). *Id.* ¶¶ 70, 77, 84,

Under the terms of the Non-Competition Agreement, Mateo, LaMarche, and Lugo each "acknowledged that 'customer lists' were confidential information and therefore constituted trade secrets."  *Id.* ¶¶ 71, 78, 85.  As alleged, each of these Defendants also agreed to engage in, or to refrain from engaging in, certain conduct to include:

- "to not use confidential information for the benefit of any other person or entity other than the Plaintiffs, during the term of [their] employment with the Plaintiffs and thereafter," *id.* ¶¶ 72, 79, 86;

- not to remove confidential information "from the premises of the Plaintiffs or utilize[]" confidential information "without prior written consent," with that "confidential information [to] remain the exclusive property of the Plaintiffs," *id.* ¶¶ 73, 80, 87;

- "not to engage in any business competitive with any business of the Plaintiffs during [their] employment with Plaintiffs, without Plaintiffs' written consent," *id.* ¶¶ 75, 82, 89; and

- "not to divulge confidential information learned during employment, after the termination of [their] employment and when engaging in activities competitive with the Plaintiffs," *id.* ¶¶ 76, 83, 90.

### 1. Alleged Acts of Wrongdoing

Plaintiffs allege that Mateo, LaMarche, and Lugo, while employed by Plaintiffs, each conspired with Joel Canela #2, Mendoza, and F1 Consulting Services, Inc. and "participated in various wrongdoings," including to "commit fraud, deceit, criminal theft, cyberfraud, commercial theft, illegal transfer of property, funds, income, and other valuable commercial assets." *Id.* ¶¶ 92-94, 101-103; *see also id.* ¶¶ 129, 131, 133, 135 (alleging that the Moving Defendants engaged in "acts of theft, larceny, fraud, cybertheft, cyberfraud, misrepresentation and deceit of the Plaintiffs and Plaintiffs' clients . . . in violation of the State of New York and Federal Racketeer Influenced and Corrupt Organizations Act"). Plaintiffs further allege that Mateo, LaMarche, and Lugo "participated in the organization and/or creation of . . . Arcadio Consulting Inc." *Id.* ¶¶ 97-99.

In addition to conspiring with the other Defendants, Plaintiffs allege that Mateo, LaMarche, and Lugo, "with the intent to steal Plaintiffs' clients and otherwise improperly compete with Plaintiffs," each violated the terms of the Non-Competition Agreement by:

3

- "st[ealing] confidential information, including but not limited to client names, for [their] personal gain and to the detriment of the Plaintiffs, to provide tax preparation and sundry financial services to Plaintiffs' clients," *id.* ¶¶ 108, 111, 114;

- "actively, knowingly, and intentionally solicit[ing] . . . numerous clients of the Plaintiffs that [they] had serviced while employed by the Plaintiffs for the purposes of providing said clients tax preparation and sundry financial services," *id.* ¶¶ 109, 112, 115; and

- "directly and indirectly provid[ing] tax preparation and sundry financial services to . . . numerous clients of the Plaintiffs that [they] had serviced while employed by the Plaintiffs," *id.* ¶¶ 110, 113, 116.

## 2. Prior Related Actions

Plaintiffs previously commenced an action against Defendants in New York Supreme Court, Bronx County, on January 21, 2019, in which Plaintiffs alleged similar claims as those asserted in this action (the "New York State Action"). *Id.* ¶¶ 49-50; Dkt. 33-6. On May 11, 2021, the court in the New York State Action dismissed the complaint as to the Moving Defendants "with leave to renew in Federal Court" based on a forum selection clause in their employment agreement that designated "the United States District Court of th[e] designated area or office geographic location" as the exclusive forum for "any legal action or proceeding seeking the interpretation of this Agreement or any provision thereof or seeking the resolution of any disputes or controversies arising from or relating to this Agreement."[1]  Compl. ¶¶ 56-57.  The state court entered a judgment of default as to the remaining Defendants. *Id.* ¶¶ 51-53.

---

[1] Although this issue is not currently presented, the Court finds it necessary to note that "[b]ecause it involves a court's power to hear a case, subject-matter jurisdiction cannot be

On March 5, 2021, the United States filed a civil complaint in this District against non-parties Rafael Alvarez and ATAX New York LLC d/b/a ATAX New York-Marble Hill d/b/a ATAX Corporation (the "Prior Federal Action"). *Id.* ¶ 58; *see United States v. Alvarez*, No. 21 Civ. 1930 (JSR) (S.D.N.Y.). In the Prior Federal Action, the United States alleged that the defendants "substantially understated the customers' tax liability" from 2016 to 2019. Compl. ¶ 58. On June 4, 2021, the Honorable Jed S. Rakoff entered a Stipulation and Order of Permanent Injunction, Settlement, and Dismissal, permanently enjoining the defendants, directly and indirectly, from any and all participation in a tax preparation business and directed the defendants to pay to the United States a monetary settlement. *Id.*; *Alvarez*, No. 21 Civ. 1930 (JSR), Dkt. 23.

## B. Procedural History

Plaintiffs filed the Complaint in this action on July 14, 2021.[2] As to the Moving Defendants, the Complaint alleges breach of contract, Compl. ¶¶ 104-123, as well as violations of New York state and federal racketeering statutes, *id.* ¶¶ 124-140. While the Complaint references both state and federal racketeering law, it only cites the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"). *See id.* ¶¶ 125, 127, 129, 131, 133, 135, 137, 139.

On August 30, 2021, the Moving Defendants moved to dismiss the breach of contract and RICO claims in Counts One and Two of the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] Dkts. 29, 30 ("Motion"), 31. Plaintiffs filed an

---

forfeited, waived, or conferred by consent of the parties." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019).

[2] Plaintiffs initially filed the Complaint on July 9, 2021, *see* Dkts. 1-2, but due to ECF clerical errors, Plaintiffs re-filed the Complaint on July 14, 2022.

[3] Defendants also move to dismiss Counts One and Two pursuant to Rule 12(b)(1), which "requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case." *Salvani v. ADVFN PLC*, 50 F.

opposition to the Moving Defendants' motion on September 9, 2021, Dkt. 33 ("Opposition"), and

the Moving Defendants filed a reply on September 10, 2021, Dkt. 34.  The Court held an initial

pre-trial conference on December 14, 2021, during which the Court stayed discovery in this action

pending resolution of the Moving Defendants' motion or until further order of the Court.  *See* ECF

Minute Entry for Dec. 14, 2021.

Defendants Joel Canela #1, Alcides Mendoza alias Joel Canela a/k/a Joel Canela #2, F1

Consulting Services, Inc., and Joel Canela #2 a/k/a Alcides Mendoza d/b/a F1 Consulting Services

have neither appeared in this action nor responded to the Complaint.  On March 9, 2022, Plaintiffs

sought and obtained a Clerk's Certificate of Default as to Joel Canela #1.  Dkts. 54-55.  On March

29, 2022, Plaintiffs filed a letter motion requesting leaving to file a motion for default judgment

against Joel Canela #1 pursuant to Federal Rule of Civil Procedure 55(b)(2).  Dkt. 56.  On April

1, 2022, the Court denied Plaintiffs' request without prejudice, directing Plaintiffs to "renew their

---

Supp. 3d 459, 466 (S.D.N.Y. 2014) (citing Fed. R. Civ. P. 12(b)(1)).  In considering a dismissal
under Rule 12(b)(1), the Court does not consider the merits of an action and, instead, "ask[s] only
whether—on its face—the complaint is drawn so as to seek recovery under federal law or the
Constitution." *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996).
Thus, in such cases, "the claim should not be dismissed for want of jurisdiction except when it
'appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such
a claim is wholly insubstantial and frivolous.'" *AVC Nederland B.V. v. Atrium Inv. P'ship*, 740
F.2d 148, 152-53 (2d Cir. 1984) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).  Here,
because Plaintiffs allege a violation of federal law, and the Court cannot find that Plaintiffs'
allegations of violations of federal law are made solely for the purpose of obtaining jurisdiction or
are wholly insubstantial or frivolous, it treats Defendants' motion as seeking dismissal under Rule
12(b)(6) for failure to state a claim upon which relief can be granted. *See Shapiro v. McManus*,
577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal
question for jurisdiction purposes . . . and failing to state a claim for relief on the merits; only
'wholly insubstantial and frivolous' claims implicate the former."); *Gallego v. Northland Grp.
Inc.*, 814 F.3d 123, 128 (2d Cir. 2016) (affirming dismissal of a claim under Rule 12(b)(6) but
finding that the court retained jurisdiction over the action because the plaintiff's claims were not
"so obviously frivolous that [they] fail[ed] to raise a colorable federal question"); *cf. Nowak*, 81
F.3d at 1188 ("In most circumstances, it makes little practical difference whether the district court
correctly labels its dismissal of an action as one for lack of subject matter jurisdiction under Rule
12(b)(1) or for failure to state a claim under Rule 12(b)(6).").

request for leave to seek default judgment against JOEL CANELA #1 after the Court has resolved the issue of liability and damages as to the Defendants who have appeared in this action."  Dkt. 57.

## II.      Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Although the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015), it need not "accept as true legal conclusions couched as factual allegations," *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

## III.      Discussion

### A.  Consideration of Matters Outside the Complaint

At the outset, the Court addresses what materials it may consider in deciding Defendants' motion to dismiss.  Both sides urge the Court to take judicial notice of documents filed in the New York State Action, namely a sworn affidavit by Alvarez dated February 23, 2021, which Plaintiffs filed in support of their motion for summary judgment against the Moving Defendants, Dkt. 33-2 ("Alvarez Affidavit"), and a purported employment agreement between ATAX Franchise and Mateo, Dkts. 30-1, 33-3 (the "Mateo Agreement").

It is well-settled that the materials a court may consider when deciding a motion to dismiss under Rule 12(b)(6) are limited. *See Interpharm, Inc.*, 655 F.3d at 141; *Muhammad v. N.Y.C. Transit Auth.*, 450 F. Supp. 2d 198, 202 (E.D.N.Y. 2006) (noting that "a Rule 12(b)(6) motion challenges the facts alleged on the face of the complaint . . . or, more accurately, the sufficiency of the statements in the complaint" (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991))). In addition to the allegations in the Complaint, the Court may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference" as well as any documents "integral" to the complaint, *i.e.*, "where the complaint 'relies heavily upon [the document's] terms and effects.'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). Moreover, "[a] court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

Starting with the Alvarez Affidavit, Plaintiffs' Opposition purports to "incorporat[e] by reference" the Alvarez Affidavit which, according to Plaintiffs, "sets forth the factual predicate of both the [New York State Action], and the within action, which seeks damages for breach of contract, violations of a non-disclosure agreement, and violations of the Federal and New York State RICO laws." Opposition ¶ 6; *see also id.* ¶¶ 15-16, 22, 32, 35-37. As an initial matter, the Complaint makes no mention of the Alvarez Affidavit, and thus, Plaintiffs cannot seek to incorporate the Alvarez Affidavit "by reference" to supplement the Complaint's allegations in opposing the motion to dismiss. *See Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016) (quoting

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).  The Court also cannot conclude that the Alvarez Affidavit is "integral" to the Complaint such that the Court may consider it during the pleadings stage.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint.").

And while the Court may take judicial notice of the Alvarez Affidavit, it may only consider the Affidavit to establish the fact of its filing in the New York State Action, but may not consider the contents of the Affidavit "for the truth of the matters asserted."  *Liberty Mut. Ins. Co.*, 969 F.2d at 1388.  In other words, the Court may not accept the contents of the Alvarez Affidavit to be true in determining the factual sufficiency of Plaintiffs' allegations in the Complaint.  Likewise, Plaintiffs may not amend the allegations in their Complaint by asserting new facts in their Opposition.  *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (holding that a party may not amend its complaint through statements made in motion papers); *Tyus v. Newton*, No. 13 Civ. 1486 (SRU), 2015 WL 5306550, at *8 (D. Conn. Sept. 10, 2015) ("The plaintiff may not now amend his Amended Complaint by asserting new allegations regarding statements that were made in the affidavit in support of the arrest warrant in his memorandum in opposition to the motion to dismiss.").  Therefore, the Court declines to consider the Alvarez Affidavit in assessing the sufficiency of Plaintiffs' allegations in the Complaint.

The Court reaches a similar conclusion with respect to the Mateo Agreement.  The Moving Defendants argue that Plaintiffs have not plausibly alleged a breach of contract claim as to Mateo because the Mateo Agreement "was literally shoved in front of Defendant MATEO on the last day of his employment in a stack of other documents," "[i]t is not completed," "[t]he date on the first

9

page is blank," and "[i]t only names [ATAX Franchise] as being protected."  Motion ¶ 12.  The

Moving Defendants also argue that the Mateo Agreement "is not signed by ATAX but only has

the printed, not signed, name of Rafael Alvarez."  *Id.*  While the Court may take judicial notice of

the fact that the Mateo Agreement is called the "Employment Appointment Agreement" between

"ATAX Franchise and Sterling Mateo," there is no indication that the Mateo Agreement is the

Non-Competition Agreement alleged in the Complaint or that it is the *only* employment agreement

between Plaintiffs and Mateo.  In fact, the Complaint alleges that "[p]rior to commencing and

during his employment with the Plaintiffs," Mateo, LaMarche, and Lugo each "signed a non-

compete agreement with the Plaintiffs," Compl. ¶¶ 70, 77, 84, whereas the Moving Defendants

aver that Mateo signed the Mateo Agreement on August 10, 2018, Motion ¶ 4.  Drawing all

reasonable inferences in favor of Plaintiffs as the Court must do at the motion to dismiss stage,

there would appear to be, at a minimum, a factual question as to whether the Mateo Agreement is

the Non-Competition Agreement that Mateo is alleged to have breached in the Complaint.  *See,*

*e.g.*, *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 405 (2d Cir. 2015) (A factual

dispute "is inappropriate for resolution on a motion to dismiss."); *Goldberg v. Danaher*, 599 F.3d

181, 183 (2d Cir. 2010) ("[A] motion under Rule 12(b)(6) presents a pure legal question, based on

allegations contained within the four corners of the complaint.").

## B.  Breach of Contract Claim

Turning next to the breach of contract claim, the Moving Defendants argue that the

Complaint fails to allege a breach of the Non-Competition Agreement because Plaintiffs fail to

allege theft of trade secrets and confidential information with "specificity" and because, other than

mentioning "customer lists," Plaintiffs fail to identify "any trade secrets, confidential information

or other proprietary information."  Motion ¶¶ 17-18.  District courts in this Circuit "have divided

with regard to the level of specificity required in pleading the existence of a trade secret." *Lavvan, Inc. v Amyris, Inc.*, No. 20 Civ. 7386 (JPO), 2021 WL 3173054, at *4 (S.D.N.Y. July 26, 2021). The Court, however, need not decide this issue in resolving the Moving Defendants' motion to dismiss because the Complaint alleges that Mateo, LaMarche, and Lugo agreed under the terms of the Non-Competition Agreement that "customer lists" constitute confidential information and the Non-Competition Agreement restricts the use and disclosure of confidential information. *See* Compl. ¶¶ 70-90.

Notwithstanding Plaintiffs' plausible allegations of breach of contract as to Mateo, LaMarche, and Lugo, the Moving Defendants argue that dismissal nonetheless is appropriate on several other grounds. First, the Moving Defendants argue that "LaMarche and Lugo were neither given nor did they sign any such [non-competition] agreements, and no such documents were ever produced in those two years of litigation [in the New York State Action]." Motion ¶ 10. They further contend that "[t]he agreement allegedly signed by Mr. Mateo is only with 'ATAX FRANCH[I]SE' [and] [n]one of the other Plaintiffs are a party to that agreement." *Id.* Second, the Moving Defendants argue that the non-competition agreement at issue is not enforceable because "[t]hat two-page document was literally shoved in front of Defendant MATEO on the last day of his employment in a stack of other documents," "[i]t is not completed," "[t]he date on the first page is blank," "[i]t only names one Plaintiff as being protected," and it is not signed by ATAX. *Id.* ¶ 12. Third, Defendants argue that non-competition agreements are "strictly construed" under New York law and will only be enforced if it is "reasonable." *Id.* ¶¶ 11, 13.

Each of these arguments presents questions of fact that may not properly be resolved on a motion to dismiss. As discussed above, at the motion to dismiss stage, the Court must assess the sufficiency of Plaintiffs' allegations in the Complaint, accepting those allegations as true and

drawing all reasonable inferences in Plaintiffs' favor, and may not consider facts outside of the Complaint except under certain limited circumstances that the Court already has determined do not apply here. Thus, while discovery in this action may reveal the absence of an enforceable Non-Competition Agreement between Plaintiffs and the Moving Defendants, the Court cannot make such factual determination at the motion to dismiss stage given the Complaint's plausible allegations of a breach by Mateo, LaMarche, and Lugo. *See, e.g.*, *Fin. Guar. Ins. Co.*, 783 F.3d at 405; *28 Cliff St. Condo. Ass'n v. Resol. Tr. Corp.*, 920 F. Supp. 535, 538 (S.D.N.Y. 1996) (rejecting the defendants' claim that no contract was formed due to "(1) a mutual mistake of fact, (2) a timely revocation of the contract offered by Defendants, and (3) Plaintiff's failure to convene a special meeting to accept the offer, as required by the Association's by-laws" because each of the arguments "require resolution of disputed facts"); *Talon Pro. Servs., LLC v. CenterLight Health Sys. Inc.*, No. 20 Civ. 78 (PAE), 2021 WL 1199430, at *10 (S.D.N.Y. Mar. 30, 2021) (holding that it was improper for the defendant to seek dismissal of the breach of covenant not to compete claim based on factual representations and emails between the parties because "[i]t is black-letter law that a factual rebuttal, where based on non-cognizable materials, is inappropriate on a motion to dismiss based on Rule 12(b)(6)"); *Addax BV Geneva Branch v. E. of N.J., Inc.*, No. 05 Civ. 9139 (JSR), 2007 WL 1321027, at *2 (S.D.N.Y. May 4, 2007) ("[T]o the extent [the defendant] seeks to argue, based on extrinsic evidence, that the August Agreement constituted an accord in satisfaction of certain prior claims, this argument raises factual questions going beyond the face of the complaint and hence cannot support a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

As to the Moving Defendants' argument that the non-competition agreements are unenforceable because they are unreasonable, this too presents questions of fact. "New York courts adhere to a strict approach to enforcement of restrictive covenants because their

enforcement conflicts with 'the general public policy favoring robust and uninhibited competition,' and 'powerful considerations of public policy which militate against sanctioning the loss of a man's livelihood.'" *Am. Inst. of Chem. Eng'rs v. Reber-Friel Co.*, 682 F.2d 382, 386 (2d Cir. 1982) (quoting *Am. Broad. Cos. v. Wolf*, 438 N.Y.S.2d 482, 487 (1981)).  To determine whether a covenant is enforceable, the first question is whether it is "reasonable in time and geographic scope." *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 70 (2d Cir. 1999).  A covenant not to compete is reasonable "only if it: (1) is *no greater* than is required for the protection of the *legitimate interest* of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public." *BDO Seidman v. Hirshberg*, 93 N.Y.S.2d 382, 388-89 (1999). "This intensely fact-based test is not one that lends itself to resolution on a motion to dismiss." *Nostrum Pharms., LLC v. Dixit*, No. 13 Civ. 8718 (CM), 2014 WL 4370695, at *6 (S.D.N.Y. Sept. 2, 2014).  Indeed, district courts in this Circuit routinely decline to decide the reasonableness of a non-competition clause at the motion to dismiss stage.  *See, e.g.*, *SD Prot., Inc. v. Del Rio*, 498 F. Supp. 2d 576, 585-86 (E.D.N.Y. 2007) (denying motion to dismiss and noting that without discovery, it would be "premature" to determine whether a restrictive covenant was reasonable); *Magtoles v. United Staffing Registry, Inc.*, No. 21 Civ. 1850 (KAM), 2021 WL 6197063, at *7 (E.D.N.Y. Dec. 30, 2021) (recognizing that "the enforceability of a non-compete clause is an 'intensely fact-based inquiry' generally unsuitable for resolution on a motion to dismiss"); *Adecco USA, Inc. v. Staffworks, Inc.*, No. 20 Civ. 744 (MAD/TWD), 2021 WL 2593304, at *8 n.4 (N.D.N.Y. June 23, 2021) (observing that "the Court would be well within its right to deny Defendants' motion to dismiss [the breach of noncompetition] claim due to the intensely fact-based inquiry that is required [to] determine the enforceability of a non-compete agreement"); *Liberty Mut. Ins. Co. v. Guereschi*, No. 17 Civ. 1152, 2020 WL 1307315, at *4 (W.D.N.Y. Mar.

19, 2020) (noting that the enforceability of a non-compete agreement under New York law is "not properly considered" on a motion to dismiss).

As to Arcadio Consulting, Inc., however, the Court agrees with the Moving Defendants. *See* Motion ¶ 16.  The Complaint does not plausibly allege any facts as to the existence of any agreement between Plaintiffs and Arcadio Consulting, Inc. or the breach of such agreement.  *See Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) ("Under New York law, the elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages.").  The Court therefore dismisses the breach of contract claim as to Arcadio Consulting, Inc. only and denies the motion to dismiss the breach of contract claim as to Mateo, LaMarche, and Lugo.

## C.  RICO Claim

Count Two of the Complaint alleges that the Moving Defendants "by acts of theft, larceny, fraud, cybertheft, cyberfraud, misrepresentation and deceit of the Plaintiffs and Plaintiffs' clients, engaged in criminally illegal acts in violation of the State of New York and Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961, et seq., including but not limited to Section 1964(c)."  Compl. ¶¶ 129, 131, 133, 135.  The Moving Defendants argue that the acts that Plaintiffs allege constituted "racketeering activity" are not predicate acts under RICO.  Motion ¶¶ 20-21.  The Court agrees.

To state a RICO claim under federal law, a plaintiff must allege "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962."  *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013).  "To establish a violation of § 1962(c), . . . a plaintiff must show that a person engaged in '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  *Id.* (quoting

*DeFalco v. Bernas*, 244 F.3d 286, 305 (2d Cir. 2001)).  "The RICO statute sets forth an exhaustive list of [predicate] acts that qualify as 'racketeering activity' under the statute." *Lynch v. Amoruso*, 232 F. Supp. 3d 460, 466 (S.D.N.Y. 2017) (alterations in original); *see* 18 U.S.C. § 1961(1) (defining "racketeering activity" under RICO).  A pattern of racketeering activity "requires at least two acts of racketeering activity, . . . the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." *Id.* § 1961(5).  Simply put, a plaintiff must plausibly allege at least two predicate acts listed in section 1961(1) to state a RICO claim. *See, e.g.*, *Nagel v. AIG Life Ins. Co.*, No. 94 Civ. 1035 (RPP), 1994 WL 406045, at *1 (S.D.N.Y. July 29, 1994) ("The Amended Complaint does not allege the required 'predicate acts' necessary to support its RICO claim.").

As mentioned above, the Complaint alleges that Defendants "engaged in acts of theft, larceny, fraud, cybertheft, cyberfraud, misrepresentation and deceit of Plaintiffs and Plaintiffs' clients."  Compl. ¶¶ 129, 131, 133, 135.  None of the predicate acts alleged in the Complaint are found in the exhaustive list of acts constituting "racketeering activity" under RICO.  *See, e.g.*, *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184 (2d Cir. 2008) ("Ordinary theft offenses and conspiracies to commit them are not among the predicate activities defined in 18 U.S.C. § 1961(1)."); *CrossBorder Sols., Inc. v. Macias, Gini, & O'Connell, LLP*, 20 Civ. 4877 (NSR), 2022 WL 562934, at *10 (S.D.N.Y. Feb. 23, 2022) (concluding that a civil claim for theft or misappropriation of trade secrets "cannot constitute a predicate act under RICO because it is not an indictable criminal offense such that it falls under the definition of 'racketeering activity' under the statute"); *Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 255 (S.D.N.Y. 2002) (holding that "larceny . . . [does not] fall[] within the RICO statutory definition of racketeering activity"); *Jordan (Bermuda) Inv. Co., Ltd. v. Hunter Green Invs. Ltd.*, 154 F. Supp. 2d 682, 690

(S.D.N.Y. 2001) ("Unenumerated acts such as common law fraud, negligent misrepresentation, breach of fiduciary duty, negligence, and conversion, are not 'racketeering activities.'"); *Jenkins v. Sea-Land Serv., Inc.*, No. 92 Civ. 2380 (PKL), 1993 WL 33406, at *5 (S.D.N.Y. Feb. 4, 1993) (finding none of the acts alleged—fraud, conversion, conspiracy, and coercion—to be racketeering activity pursuant to section 1961(1)).

The Opposition fails to address these pleading deficiencies. Instead, Plaintiffs argue that the Court should deny Defendants' motion to dismiss their RICO claim on the basis that "the Court in [the New York State Action] . . . [previously] denied the motion of the defendants herein to dismiss Plaintiffs' civil RICO claims" and "the Alvarez Affidavit set forth far more evidence of a civil RICO violation." Opposition ¶¶ 34, 37. But denial of a motion to dismiss does not constitute a "final judgment" that is binding on this Court. *See Coggins v. Buonora*, 362 F. App'x 224, 225 (2d Cir. 2010) ("Ordinarily, there is no final judgment where the district court denies a motion to dismiss or a motion for summary judgment."); *Amalgamated Sugar Co. v. NL Indus., Inc.*, 825 F.2d 634, 639 (2d Cir. 1987) ("Res judicata will preclude relitigation of a claim where the earlier decision was a final judgment on the merits rendered by a court of competent jurisdiction, in a case involving the same parties or their privies, where the same cause of action is asserted in the later litigation."). Likewise, Plaintiffs do not cite to any authorities even remotely suggesting that the denial of Defendants' motion to dismiss Plaintiffs' civil RICO claims in the New York State Action in any way binds this Court. As to the Alvarez Affidavit, the Court already determined above that it may not consider the Alvarez Affidavit for the truth of the matters asserted nor may Plaintiffs attempt to amend the Complaint by asserting new allegations in their Opposition. *See Liberty Mut. Ins. Co.*, 969 F.2d at 1388; *Wright*, 152 F.3d at 178.

Because the Complaint fails to allege at least two predicate acts constituting racketeering activity under RICO, the Court dismisses Count Two of the Complaint as to the Moving Defendants.[4]

### IV.   Conclusion

For the foregoing reasons, the Moving Defendants' motion to dismiss is granted in part and denied in part.  The Court denies the motion to dismiss the breach of contract claim in Count One as to Mateo, LaMarche, and Lugo, but grants the motion to dismiss Count One as to Arcadio Consulting, Inc.  The Court also grants the motion to dismiss the RICO claim in Count Two as to Mateo, LaMarche, Lugo, and Arcadio Consulting, Inc.

The Clerk of Court is respectfully directed to close the motion pending at Docket Number 29.

SO ORDERED.

Dated: July 29, 2022
       New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[4] As noted, the Complaint also purports to assert a racketeering claim under New York law. *See* Compl. ¶¶ 124-140.  Plaintiffs, however, do not identify any specific statute that Defendants are alleged to have violated under New York law in Count Two or anywhere else in the Complaint for that matter.  Moreover, neither party addresses this issue in their motion to dismiss papers, and the Moving Defendants merely seek to dismiss the "Racketeering Count."  Motion at 10.  Thus, the Court does not construe Plaintiffs as raising a separate racketeering cause of action under New York law and does not reach the issue of whether Plaintiffs have sufficiently alleged a state law racketeering claim.