UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATAX NEW YORK, INC., et al., | |
| Plaintiffs, | CIVIL ACTION NO.: 21 Civ. 5916 (JPC) (SLC) |
| -v- | **ORDER** |
| JOEL CANELA #1, et al., | |
| Defendants. | |

**SARAH L. CAVE,** United States Magistrate Judge.

On November 8, 2022, Defendants Sterling Mateo, Walber Lugo, and Arcadio Consulting, Inc. ("Defendants") filed a letter-motion requesting "permission to file a motion to dismiss." (ECF No. 76 ("Defendants' Request")). Defendants claim that Plaintiffs have failed to respond to their October 9, 2022 interrogatories and requests for production and, to the contrary, have informed Defendants that they have "no desire to proceed with or provide discovery." (Id.) According to Defendants, Plaintiffs have indicated that they are willing "to discontinue their case so long as Defendants discontinue their counter-claim for abuse of process." (Id.) Defendants are not willing to withdraw their counterclaim unless Plaintiffs pay Defendants $56,250, which represents the attorneys' fees that Defendants have expended to date. (Id.)

In response to Defendants' Request, Plaintiffs have requested a Court conference "to discuss either the Stipulation of Discontinuance as to all Claims asserted by both Plaintiffs and Defendants, or a motion to remand this matter to Supreme Court, Bronx County with damages capped at $61,500[.]" (ECF No. 77 at 2 ("Plaintiffs' Request," together with Defendants' Request, the "Requests")).

As an initial matter, the Court notes that Plaintiffs commenced this action in federal court. (<u>See</u> ECF No. 1).  As such, Plaintiffs' proposal to "remand" this case to New York State Supreme Court "is without merit."  <u>Schiffman v. Epstein</u>, No. 04 Civ. 2661 (SCR) (LMS), 2009 WL 1787760, at *6 (S.D.N.Y. June 23, 2009) ("This case, having begun in this Court, cannot be remanded to a state court in which it was never filed.").[1]

Plaintiffs are free, as they suggest, to "enter a discontinuance of all claims[.]"  (ECF No. 77 at 1).  Having commenced this action in federal court, however, Plaintiffs may not ignore their obligations under the Federal Rules of Civil Procedure to prosecute this case or provide discovery responses.  <u>See</u> Fed. R. Civ. P. 16, 26, 33, 34, 37, 41.

Accordingly, both Requests are DENIED WITHOUT PREJUDICE, and the Court orders as follows:

1. By **November 16, 2022**, Plaintiffs shall serve responses to Defendants' October 9, 2022 discovery requests.  If Plaintiffs fail to respond by that date, then Defendants may renew their request for leave to file a motion to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 41(b) for failure to prosecute.

---

[1] The Court notes that, as the Honorable John P. Cronan set forth in his July 29, 2022 Opinion and Order, Plaintiffs previously commenced an action against Defendants in New York Supreme Court, Bronx County, on January 21, 2019, alleging similar claims as those asserted in this action (the "New York State Action"). (ECF No. 58 at 4 (citing ECF Nos. 12 ¶¶ 49–50; 33-6)).  "On May 11, 2021, the court in the New York State Action dismissed the complaint as to the [] Defendants 'with leave to renew in Federal Court' based on a forum selection clause in their employment agreement that designated 'the United States District Court of th[e] designated area or office geographic location' as the exclusive forum for 'any legal action or proceeding seeking the interpretation of this Agreement or any provision thereof or seeking the resolution of any disputes or controversies arising from or relating to this Agreement.'"  (<u>Id.</u>)  Thus, the New York State Action was not removed to this Court and provides no basis to remand this case to New York State Court.

2.  If Plaintiffs intend to voluntarily discontinue this action, they may either (i) prepare and ask Defendants to execute a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), or (ii) ask the Court to dismiss this case under Fed. R. Civ. P. 41(a)(2).

3.  Given the clear lack of progress of this case since the October 4, 2022 Initial Conference, the telephone status conference scheduled for November 17, 2022 is CANCELLED.

The Clerk of Court is respectfully directed to close ECF No. 76.

Dated:        New York, New York              SO ORDERED.
              November 9, 2022

_____
SARAH L. CAVE
United States Magistrate Judge

3